UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 13 B 05090 |
| | ) | Chapter 7 |
| TIRES N TRACKS, INC., | ) | Judge Donald R. Cassling |
| | ) | |
| Debtor. | ) | |

## MEMORANDUM OPINION

In this case, two Illinois judgment lien creditors are competing for priority as to the Debtor's personal assets. As of the date of filing the Debtor's bankruptcy petition, both creditors held valid judgment liens arising from Illinois citations to discover assets.[1] After the bankruptcy case was filed, the senior lien-holder, Vermeer-Illinois, Inc. ("Vermeer"), dismissed its citation proceedings to avoid violating the automatic stay. The junior lien-holder, Laser Construction, Inc. ("Laser"), took advantage of that dismissal and objected to Vermeer's secured claim because it had voluntarily dismissed its citation proceedings.

Vermeer insists that its dismissal was not voluntary and that, in any event, its secured status must be measured as of the date the bankruptcy petition was filed. For the reasons that follow, the Court agrees with Laser and holds that Vermeer's dismissal was voluntary and that it lost its secured status when it dismissed its citation proceedings.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. It is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (O).

---

[1] Citation liens are a creature of an Illinois statute available to creditors holding judgments from Illinois state or federal courts. Since the statute was amended in 1993, it creates a lien on all non-exempt personal property of either the judgment debtor or a third party as long as the citation to discover assets is properly served on the parties. 735 Ill. Comp. Stat. 5/2-1402. For a discussion of the case law preceding the statutory amendment in 1993, see *Dominick's Finer Foods, Inc. v. Mason (In re Makula)*, 172 F.3d 493 (7th Cir. 1999).

## II. BACKGROUND

Vermeer obtained a $17,197.66 state court judgment against Tires N Tracks, Inc. (the "Debtor") on December 6, 2011. (Obj. to Claim, Ex. B.) In an effort to collect on that judgment, Vermeer served a citation to discover assets (the "Citation") on the Debtor on March 9, 2012. (*Id.* Ex. C.) On January 29, 2013, Vermeer conducted a citation examination of the Debtor,[2] and the Citation was continued until February 26, 2013, for hearing and production of additional documents. (*Id.* Ex. D.) Before that hearing could occur, the Debtor filed its Chapter 7 bankruptcy petition on February 11, 2013 (the "Petition Date"). In response to the bankruptcy petition, Vermeer dismissed the Citation on February 26, 2013. (*Id.* Ex. E.) On April 2, 2013, Vermeer filed its proof of claim (Claim No. 3) in the sum of $19,097.79 asserting a secured interest in all personal property of the Debtor "by virtue of a citation to discover assets." (*Id.* Ex. A.)

On September 19, 2012, nine months after Vermeer obtained its judgment, Laser obtained a $68,463 judgment arising out of a breach of contract claim against the Debtor. (Claims Register 6-1.) In an effort to collect on that judgment, Laser served a citation to discover assets on the Debtor on September 26, 2012 (*id.*), thereby creating a lien on the Debtor's personalty as of that date.

On May 24, 2013, Laser filed its objection to Vermeer's proof of claim, arguing that Vermeer's security interest expired when it voluntarily dismissed the Citation.

## III. APPLICABLE STANDARDS

### A. Standard Governing Claim Objections Generally

---

[2] The citation examination satisfies one of the principle asset-discovery functions of the citation procedure. It is conducted like a deposition (including the right to demand production of relevant documents), but is limited in its scope to discovering the existence and location of personalty which might be seized and sold to satisfy the judgment against the debtor. 18 Ill. Law and Prac., Executions § 105 (2013).

2

11 U.S.C. § 502 governs the allowance of claims or interests in a bankruptcy case. Claims are presumed valid under § 502(a) and are prima facie proof of their own validity under Federal Rule of Bankruptcy Procedure 3001(f). *Conn. Gen. Life Ins. Co. v. Schaumburg Hotel Owner Ltd. P'ship (In re Schaumburg Hotel Owner Ltd. P'ship)*, 97 B.R. 943, 950 (Bankr. N.D. Ill. 1989). "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); *see also In re Salem*, 465 F.3d 767, 779 (7th Cir. 2006).

A party objecting to a claim carries the initial burden of proof to rebut the presumption of allowability. *In re Pierport Dev. & Realty, Inc.*, 491 B.R. 544, 547 (Bankr. N.D. Ill. 2013). Once the objector has produced some evidence questioning the allowability of a claim, the burden then shifts back to the claimant to produce evidence to meet the objection and establish that the claim in fact is allowable. *Id.*

### B. Standards Governing Citation Liens Specifically

The Illinois legislature has provided judgment creditors with various procedures to enforce their judgments. One of these is the citation to discover assets set forth in 735 Ill. Comp. Stat. 5/2-1402. A citation to discover assets serves three primary functions: (1) it automatically creates a renewable six-month lien on all of the judgment debtor's non-exempt personal assets and income in state and federal courts;[3] (2) it provides the creditor with a specialized discovery procedure to assist it in determining the existence and location of assets that might be seized and sold to satisfy the judgment debt; and (3) it provides a mechanism and forum for compelling

---

[3] This function was provided by a 1993 amendment to the statute. Prior to that statutory amendment, the case law was unclear as to whether the statute created a lien or not, but the better reasoned decisions held that it did not. *See Makula*, 172 F.3d at 499-500; *see also Chicago City Bank & Trust Co. v. Jaffee (In re Jaffee)*, 111 B.R. 701, 704-05 (Bankr. N.D. Ill. 1990).

turnover of non-exempt assets, so that they might be sold to satisfy the judgment debt.[4]

Illinois Supreme Court Rule 277(a) defines any citation proceeding under 735 Ill. Comp. Stat. 5/2-1402 as a "supplementary proceeding." Ill. Sup. Ct. R. 277(a). That Rule limits supplementary proceedings to six months, although it permits such extensions "as justice may require:"

> A proceeding under this rule continues until terminated by motion of the judgment creditor, order of the court, or satisfaction of the judgment, but terminates automatically 6 months from the date of (1) the respondent's first personal appearance pursuant to the citation or (2) the respondent's first personal appearance pursuant to subsequent process issued to enforce the citation, whichever is sooner. The court may, however, grant extensions beyond the 6 months, as justice may require. Orders for the payment of money continue in effect notwithstanding the termination of the proceedings until the judgment is satisfied or the court orders otherwise.

Ill. Sup. Ct. R. 277(f).

Although the judgment creditor may obtain an extension of the citation by appropriate motion, courts have the authority to extend it without motion by parties. *West Bend Mut. Ins. Co. v. Belmont State Corp,.* 09 C 354, 2010 WL 5419061, at *5 (N.D. Ill. Dec. 23, 2010), *aff'd*, 712 F.3d 1030 (7th Cir. 2013); s*ee also Laborers' Pension Fund v. Pavement Maint., Inc.*, 542 F.3d 189, 194-95 (7th Cir. 2008). Moreover, after six months an automatic termination of the citation lien is not guaranteed, notwithstanding the language of § 5/2-1402. *Burditt & Radzius, Chtd. v. Brown (In re Barone)*, 184 B.R. 747, 750 (Bankr. N.D. Ill 1995) (holding that citation proceedings did not terminate automatically because the citation respondent failed to appear for either of the scheduled citations). Therefore, the continuation of a citation to discover assets is a flexible process.

---

[4] Indeed, the enforcement feature of a citation to discover assets is arguably enhanced over other lien enforcement methods because courts can hold judgment debtors in contempt of court for failing to comply with the citation to discover assets. *See Shales v. T. Manning Concrete, Inc.*, 847 F. Supp.2d 1102, 1116, (N.D. Ill. 2012). Courts can also hold third parties in contempt if they take actions that deliberately put the property beyond the reach of creditors and in violation of the citation. *See In re Weitzman*, 381 B.R. 874, 881 (Bankr. N.D. Ill. 2008).

4

Illinois citations to discover assets have two unusual features that present special problems for judgment creditors in bankruptcy proceedings: First, in addition to creating liens on the debtor's personalty, they provide an enforcement mechanism for locating and seizing assets to satisfy the creditor's judgment against the debtor. Second, they automatically expire six months after issuance, unless renewed. These two features make them peculiarly susceptible to bankruptcy principles that ordinarily pose no threat to more commonplace liens: The automatic stay under 11 U.S.C. § 362 applies to, and undercuts, the lien enforcement aspect of citations to discover assets. And unless the stay is vacated to permit the lienholder to seek an extension of the citation for another six months, the creditor's lien may well expire during the bankruptcy proceedings.

## IV. DISCUSSION

Vermeer raises three arguments in response to Laser's argument that its security interest expired when it voluntarily dismissed the Citation: First, Vermeer argues that the dismissal of the Citation was not voluntary, but was forced upon it by § 362. Second, Vermeer argues that 11 U.S.C. § 108(c) automatically continues all pending civil proceedings (including citation proceedings) and statutes of limitations until thirty days after the conclusion of the bankruptcy case. Finally, Vermeer argues that its secured status was fixed and determined as of the Petition Date and remains unchanged until the bankruptcy case concludes as a matter of law.

In response, Laser argues that: (1) the dismissal was voluntary because Vermeer could have sought to modify the automatic stay rather than dismissing the Citation; (2) because Vermeer relinquished the lien rights it had when the Citation was dismissed, there is no action for § 108(c) to toll; (3) Section 108(c) does not override Vermeer's voluntary dismissal of the Citation; and (4) nothing in the Bankruptcy Code prevents a secured creditor from voluntarily

5

relinquishing its secured status. For the following reasons, the Court agrees with Laser's analysis and sustains the objection to Vermeer's claim.

### A. Vermeer's Dismissal of its Citation Proceedings was Voluntary

The Court finds that Vermeer acted voluntarily when it withdrew the Citation. While its intention in dismissing the Citation may have been to avoid violating the automatic stay, respect for the stay did not require such a drastic step. Instead of dismissing the Citation, Vermeer could have simply moved to modify the automatic stay. So long as the motion to modify the stay made clear that Vermeer would not be seeking to enforce the citation lien, but only to extend the citation proceedings so that its lien rights would be preserved, modifying the stay would have done nothing more than to preserve the status quo among the parties. In the unlikely event that the Court would have denied that motion, Vermeer could simply have refrained from enforcing its lien, let the Citation lapse and then argued that § 108(c) tolled the six-month period set forth in Illinois Supreme Court Rule 277(f). Because Vermeer dismissed the Citation despite the fact that alternatives not requiring dismissal were available, its choice to dismiss must be treated as voluntary.

### B. Vermeer Waived Any Tolling Rights It May Have Had Under 11 U.S.C. § 108(c)

Section 108(c) of the Code tolls certain statutes of limitations for actions against a debtor:

> [I]f nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor ... and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

11 U.S.C. § 108(c).

Significantly, § 108(c) preserves liens that would expire under nonbankrupcy law. *Pierport Dev. & Realty,* 491 B.R. at 548; *see also Shales v. Lanas Constr., Inc.,* 07 C 2970, 2010 WL 3842362, at *6 (N.D. Ill. Sept. 24, 2010). Under § 108(c), a judgment creditor is not required to take any affirmative steps to preserve its lien. *Pierport,* 491 B.R. at 549; *see also In re Coan,* 96 B.R. 828, 832 (Bankr. N.D. Ill. 1989) (holding that "[v]alid liens do not expire during the pendency of the bankruptcy case, despite the creditor's failure to take action to enforce or perfect the lien within the time period prescribed by state law.").

As a result, an Illinois judgment lien creditor is not ordinarily required to take any affirmative steps to preserve a citation lien existing on the date a bankruptcy petition is filed. Of course, a judgment lien creditor may certainly seek the reassurance of asking the state court for a continuation of the citation to discover assets, provided that the creditor seeks relief from the automatic stay in the bankruptcy court first. However, obtaining relief from the automatic stay may not be required where the judgment creditor seeks merely to inform the state court of the bankruptcy filing and of the automatic continuation of the citation lien, because the creditor is not then acting to enforce the citation lien. But even in that case, nothing in the Code prevents the prudent creditor from first seeking relief from the automatic stay.

In this case, § 108(c) did not preserve Vermeer's lien rights because Vermeer precluded any possible extension of its lien rights when it dismissed the Citation. The moment the state court granted Vermeer's motion to dismiss the Citation there was no longer any action to toll. While it may be true that § 108(c) automatically preserves a judgment creditor's lien, a judgment creditor is not prevented by § 362 from voluntarily withdrawing its citation to discover assets. Similarly, while it is true that valid liens typically pass through a bankruptcy unaffected,[5] nothing prevents lien holders from voluntarily relinquishing their liens. Therefore, because Vermeer

---

[5] *Dewsnup v. Timm,* 502 U.S. 410, 417 (1992).

7

voluntarily dismissed the underlying action that created the lien, Vermeer terminated its lien.

### C. Vermeer's Lien Status as of the Petition Date

A creditor's status as secured or unsecured is determined as of the bankruptcy petition date. *See In re Schwinn Bicycle Co.,* 200 B.R. 980, 991 (Bankr. N.D. Ill. 1996). However, nothing in the Bankruptcy Code prevents a secured judgment creditor from changing its status as a secured creditor after the bankruptcy petition date by voluntarily releasing its lien. *See In re Metaldyne Corp.,* 409 B.R. 671, 679 n.11 (Bankr. S.D.N.Y. 2009), *aff'd,* 421 B.R. 620 (S.D.N.Y. 2009); *see also In re Norris,* No. 07-00345-KD-B, 2007 WL 3348376, at *4-5 (Bankr. S.D. Ala. Sept. 12, 2007); *In re Green,* 310 B.R. 772, 776-78 (Bankr. M.D. Fla. 2004). In this case, while the parties do not dispute that Vermeer was a secured creditor on the Petition Date, the Court finds that Vermeer relinquished that status when it voluntarily withdrew the Citation, thereby relinquishing its citation lien. Because Vermeer relinquished its lien rights, it is no longer a secured creditor.

### V. CONCLUSION

For the foregoing reasons, the Court sustains Laser's objection and finds that Vermeer's Claim No. 3 is unsecured.

**ENTERED:**

DATE: August 27, 2013

Donald R. Cassling
United States Bankruptcy Judge